FILED
MAY 8 12 38 PM '00
WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN BRADHAM                              CIVIL ACTION

VERSUS                                     NUMBER: 00-0051

BURL CAIN                                  SECTION: "R"(5)

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for writ of habeas corpus of petitioner, Bryan Bradham, and the State's response thereto. (Rec. docs. 1, 6). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bradham's petition be dismissed with prejudice.

Petitioner Bradham is a state prisoner currently incarcerated at the C. Paul Phelps Correctional Center, DeQuincy, Louisiana. On June 24, 1993, Bradham was found guilty of one count of indecent behavior with a juvenile and one count of molestation of a juvenile

DATE OF ENTRY
MAY 8 2000

DATE OF MAILING  MAY 8 2000



after trial, by jury, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.  On October 26, 1993, Bradham was sentenced to five and ten years, respectively, as to the two counts, the sentences to run consecutively to each other and consecutively to another sentence for armed robbery.  On direct appeal, Bradham's conviction was affirmed and his sentences were amended to give him credit for time served.  State v. Bradham, 638 So.2d 428 (La. App. 5th Cir. 1994).  When Bradham failed to apply for a rehearing from the Louisiana Fifth Circuit Court of Appeal within the fourteen days allowed by Louisiana law, or to seek writs from the Louisiana Supreme Court, his conviction became final at the expiration of that fourteen-day time period, or June 14, 1994.  See LSA-C.Cr.P. Art. 922.

Thereafter, Bradham made no challenges to his conviction until June 5, 1997 when he, through counsel, filed an application for post-conviction relief in the state trial court.  That application was denied on June 22, 1997.  Writs were subsequently denied by both the Louisiana Fifth Circuit Court of Appeal, Bradham v. Cain, No. 98-KH-1170 (La. App. 5th Cir. May 26, 1999), and the Louisiana

Supreme Court. <u>Bradham v. Cain</u>, 750 So.2d 981 (La. 1999). The instant proceeding followed.

Because Bradham's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), he had one year, or until April 24, 1997, to file his habeas petition in this Court, <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998), excluding any time that "...a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...[was] <u>pending</u>..." in the state courts. 28 U.S.C. §2244(d)(2)(emphasis added); <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 (4th Cir. 1998); <u>Gray v. Waters</u>, 26 F.Supp. 2d 771 (D. Md. 1998), <u>appeal dismissed</u>, 178 F.3d 1283 (4th Cir. 1999)(table). <u>See also</u> <u>Sonnier v. Johnson</u>, 161 F.3d 941, 944-45 (5th Cir. 1998); <u>Neslo v. Cain</u>, 156 F.3d 182 (5th Cir. 1998)(table).

As noted in the procedural history set forth above, Bradham had no challenges to his conviction pending before the state courts during the one-year grace period allowed by <u>Flanagan</u>. No facts

3

have been presented warranting the application of equitable tolling. <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998), <u>cert. denied</u>, ___U.S.___, 119 S.Ct. 1474 (1999). Bradham's petition is time-barred under §2244(d) and should be dismissed as such.

<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Bryan Bradham be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 5th day of May,

4

2000.

_____
UNITED STATES MAGISTRATE JUDGE

5