FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -1 PM 2:43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN BRADHAM | CIVIL ACTION |
| VERSUS | NO: 00-0051 |
| BURL CAIN | SECTION: "R" (5) |

**ORDER AND REASONS**

Before the Court are petitioner's objections to the Magistrate Judge's Report and Recommendation filed May 8, 2000. As the Court already approved and adopted that Report and Recommendation on June 5, 2000, the Court will treat petitioner's objections as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court denies petitioner's motion for reconsideration.

I. **BACKGROUND**

Petitioner Bryan Bradham, was a state prisoner incarcerated in the C. Paul Phelps Correctional Center, at DeQuincy, Louisiana. A state jury found him guilty of one count of indecent behavior with a juvenile and one count of molestation of a juvenile. On October 26, 1993, the trial court sentenced

DATE OF ENTRY
FEB 1 2001



Bradham to five and ten years, respectively, on the two counts. The Louisiana Fifth Circuit Court of Appeal affirmed Bradham's conviction on direct appeal. *State v. Bradham*, 638 So. 2d 428 (La. App. 5th Cir. 1994). As Bradham failed to apply for a rehearing or to seek writs from the Louisiana Supreme Court, his conviction became final fourteen days later on June 14, 1994.

Bradham filed an application for post-conviction relief on June 5, 1997. The state trial court denied that application on June 22, 1997. Subsequent writs for post-conviction relief were denied by the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. *Bradham v. Cain*, 750 So. 2d 981 (La. 1999).

Bradham then filed a federal petition for habeas corpus relief on January 6, 2000. After reviewing Bradham's petition, the Magistrate Judge recommended dismissing it as untimely. Bradham did not file a timely objection, and the Court dismissed his petition for habeas corpus relief on June 5, 2000. On July 10, 2000, Bradham filed his objections to the Magistrate Judge's Report and Recommendation. In his objection, Bradham argues that he was not aware of the requirements of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") until he received the Magistrate Judge's Report and Recommendation on May 10, 2000. He further argues that his habeas corpus petition should not be

dismissed for failure to comply with AEDPA's filing requirements because AEDPA was enacted six years after his crime and three years after his conviction.

## II. DISCUSSION

### A. Rule 60(b)

As Bradham filed his objections more than ten days after judgment, the Court will consider his motion under Rule 60(b) as a motion for "relief from judgment." *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Under Rule 60(b) a court will grant relief from a final judgment or order only upon a showing of one of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

### B. AEDPA

Congress has enacted a strict statute of limitations for

habeas corpus proceedings. Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Notwithstanding these AEDPA provisions, Bradham argues that his habeas corpus petition should not be dismissed for failure to comply with AEDPA's filing requirements because AEDPA was enacted six years after his crime and three years after his conviction. The Fifth Circuit, however, has rejected this argument. In *Flanagan v. Johnson*, the Fifth Circuit held that for petitioners, such as Bradham, whose convictions became final prior to AEDPA's effective date, AEDPA applies to federal habeas corpus petitions filed after April 24, 1996 and that the one-year limitation period runs from that date. *See Flanagan v. Johnson*, 154 F.3d 196, 198, 202 (5th Cir. 1998). Therefore, Bradham had until April 24, 1997 to petition for federal habeas corpus relief. Bradham, however, did not file his federal petition until January 6, 2000. Furthermore, Bradham did not have any properly filed applications for state post-conviction relief pending between April 24, 1996 and April 24, 1997 that would have tolled the

AEDPA statute of limitations. The Court also rejects Bradham's argument that the statute of limitations should be equitably tolled because he was not aware of AEDPA until May 10, 2000. Bradham's ignorance of the law does not excuse his failure to file a timely petition and does not merit equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir.), *cert. denied*, ___ U.S. ___, 121 S. Ct. 622 (2000). Therefore, the Court finds that Bradham's federal petition for habeas corpus relief was untimely and denies his motion for reconsideration.

## III. CONCLUSION

For the foregoing reasons, the Court denies petitioner's motion for reconsideration.

New Orleans, Louisiana, this 1st day of February, 2001.

                         _____
                              SARAH S. VANCE
                         UNITED STATES DISTRICT JUDGE